### BAILEY & COMPANY *vs.* CLAY.

This case is no stronger for the attaching creditors than that of *Enneking Bros. vs. Clay,* just decided, except that the order of the judge was in these terms: "Upon the execution of a good and sufficient bond as in attachment cases, to be approved by the clerk of the superior court of Sumter county, the attachment is to issue and take effect." The order being without date, and being written on the margin of the attachment, the same is a mere mandate of a similar nature with that in the other case, and the attachment has, therefore, all the infirmities which beset the writ in that case.
March 3, 1888.

Attachments. Bonds. Before Judge FORT. Sumter Superior Court. April Adjourned Term, 1887.

See report of preceding case.

J. A. ANSLEY, for plaintiffs in error.

E. A. HAWKINS; GUERRY & SON; E. G. SIMMONS; B. P. HOLLIS; E. F. HINTON, for defendant.

BLECKLEY, Chief Justice.

This case was argued with that of *Enneking Bros. vs. Clay,* just decided, and is ruled by it. The affidavit verifying the petition for attachment was made by the plaintiffs' attorney, and stated that " the facts contained in the foregoing petition are true as far as they depend on his

own information and belief, and so far as his information is derived from others he believes them to be true, from information derived on the trial of said matter; and that as to the amount of indebtedness charged to be due by Dickson & Vigal to the petitioner, the same is due to the best of his knowledge and belief."

The marginal order of the judge was slightly, though, we think, not substantially different from that in the other case. Its terms are recited in the head-note. We consider that this attachment has all the infirmities which beset the other, and that the order dismissing the levy on the claimant's motion was properly granted.

Judgment affirmed.